IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10CV73-RJC-DSC

| | |
|---|---|
| NAILAH MONIFA ALI, ) | |
| ) | |
| Plainitff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| SELECT PORTFOLIO ) | |
| SERVICING COMPANY, ) | |
| LITTEN LOAN SERVICING, ) | |
| FREEMONT INVESTMENT ) | |
| AND LOAN, and WILSHIRE ) | |
| CREDIT CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss" (documents ##5, 8 and 10) filed respectively on April 23, May 14, and May 21, 2010. The pro se Plaintiff has not filed a response, and the time for filing a brief or otherwise opposing the Motions has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and these Motions are now ripe for the Court's consideration.

On February 25, 2010, the pro se Plaintiff filed a one-page document which appears to be an affidavit, but was docketed as a Complaint. Other than vaguely identifying himself and the Defendants, the Complaint contains only the following factual allegations: that Plaintiff is "familiar with the commercial lien pertaining to the file #RA591469694US," that he has filed a "Notice of Administrative Commercial Claim within Admiralty," and that he mailed a "Final Notice and Demand" to Defendants, who did not respond.

Defendants have moved to dismiss the Complaint, citing among other things an insufficient basis for federal subject matter jurisdiction.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally").

As Defendants point out in their Motions, the Complaint does not contain a statement of the parties' citizenship. Nor does the Complaint identify any federal law under which Plaintiff's unidentified claims arise. Accordingly, Plaintiff has failed to meet his burden for establishing either diversity of citizenship or federal question subject matter jurisdiction.

Accordingly, the Motions to Dismiss must be granted.

## **ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are

**STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss" (documents ##5, 8 and 10) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: June 8, 2010

David S. Cayer
United States Magistrate Judge